```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII


RONALD GUARDINO and DAVID      )  CIVIL NO. 12-00152 RLP
WYNN MILLER,                   )
                               )  ORDER REASSIGNING CASE AND
        Plaintiffs,            )  FINDINGS AND RECOMMENDATION TO
                               )  DISMISS ACTION AND DENY
    vs.                        )  APPLICATION TO PROCEED WITHOUT
                               )  PREPAYMENT OF FEES
                               )
UNITED-STATES-JUDGEI. [sic]    )
IN THIS STATE IN THIS HAWAI'I  )
TERRITORY and KIM E.           )
WHITWORTH,                     )
                               )
        Defendants.            )
                               )
_____)
```

ORDER REASSIGNING CASE AND FINDINGS AND RECOMMENDATION TO
DISMISS ACTION AND DENY APPLICATION TO PROCEED WITHOUT
PREPAYMENT OF FEES[1]

On March 14, 2012, pro se Plaintiffs Ronald Guardino and David Wynn Miller filed a Complaint titled "Writ of De Novo: For Correct-Original-Document-Contract-Equity-Quo-Warranto-Complaint-Corporation-Case-Number; 11-1-0172(4) is with this Damage-Claim of Grammar-Evidence of this Fictional-Criminal/Civil Action~11-1-0172(4)" against "United-States-Judgei. in this State in this Hawai'i-Territory" and "Kim E. Whitworth, Deputy-

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Prosecuting-Attorney~County of:- Maui,~Wailuku.-~Hawai'i~96793."
Docket No. 1.  Additionally, Plaintiff Ronald Guardino filed an
Application to Proceed Without Prepayment of Fees
("Application").  Docket No. 2.  After careful consideration of
the Complaint and Application, the Court HEREBY ORDERS that the
case be reassigned to a district judge and FINDS AND RECOMMENDS
that the district judge DISMISS this action and DENY the
Application.

DISCUSSION

As an initial matter, the Court ORDERS that this case
be reassigned to a district judge.  This case was assigned to the
undersigned magistrate judge for all purposes on March 14, 2012.
See Docket No. 4.  As discussed below, the Court recommends that
this action be dismissed and the Application be denied.  However,
a magistrate judge has no authority to issue dispositive orders,
including orders denying applications to proceed without
prepayment of fees, absent the consent of the parties to the
magistrate judge's presiding over the action.  See Tripati v.
Rison, 847 F.2d 548, 549 (9th Cir. 1988).  Here, even if the
plaintiffs were to consent, the consent of the defendants cannot
be obtained because service of process of the Complaint will not
be effectuated until the Application has been granted or the
appropriate filing fee has been paid.  Accordingly, the Court
ORDERS that this case be reassigned to a district judge.

2

Regarding Plaintiff Ronald Guardino's Application, a court may authorize a plaintiff to proceed without prepayment of fees if he submits an affidavit that includes a statement that he is unable to pay the required fees. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." <u>Adkins v. E.I. Du Pont De Nemours & Co., Inc.</u>, 335 U.S. 331, 339 (1948) (internal quotations omitted). The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the dismissal of any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss a complaint that fails to state a claim); <u>Calhoun v. Stahl</u>, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

Additionally, the court may dismiss a complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. See <u>Hearns v. San Bernardino Police Dep't</u>, 530 F.3d 1124, 1131 (9th Cir. 2008). Rule 8 requires that a complaint

include "a short plain statement of the claim" and that each allegation "be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).  A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed *sua sponte* for failure to satisfy Rule 8.  Hearns, 530 F.3d at 1131 (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)).  Because Plaintiffs are appearing pro se in this action, the Court liberally construes the pleadings.  See Bernhardt v. L.A. Cnty., 339 F.3d 920, 925 (9th Cir. 2003).

The Court has reviewed Plaintiff's Complaint and concludes that, even liberally construed, the Complaint is nonsensical and fails to state any discernable basis for judicial relief.  The Complaint does not contain complete sentences, but contains several pages of words and symbols that are unintelligible.  The Complaint references and includes a marked-up copy of a felony information and non-felony complaint filed in the Second Circuit Court of the State of Hawaii.  See Complaint at 7-9.  However, it is entirely unclear from the markings on the copy and the text of the Complaint what allegations, if any, are based on this state court document.  The Complaint is so confusing that it does not provide the defendants with fair notice of the wrongs they have allegedly committed, and fails to satisfy the requirements of Rule 8.  Accordingly, the Court RECOMMENDS that the Complaint be DISMISSED.  The Court further

RECOMMENDS that amendment not be permitted because it is apparent from the Complaint and from Plaintiff David Miller's numerous other filings in this court that he has filed this action in bad faith and that granting leave to amend would be futile. See W. Shoshone Nat'l Counsel v. Molini, 951 F.2d 200, 204 (9th Cir. 1991) (grounds for denying amendment include bad faith and futility); Carrico v. City & Cnty. of S.F., 656 F.3d 1002, 1008 (9th Cir. 2011)(denying amendment if it would be futile). Because the Court finds that the Complaint is deficient, the Court also RECOMMENDS that Plaintiff Ronald Guardino's Application be DENIED.

## CONCLUSION

The Court HEREBY ORDERS that the Clerk's Office reassign this case to a district judge and FINDS AND RECOMMENDS that the district judge DISMISS the Complaint without leave to amend and DENY Plaintiff Ronald Guardino's Application.

IT IS SO ORDERED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, MARCH 19, 2012

Richard L. Puglisi
United States Magistrate Judge

**GUARDINO, ET AL. V. UNITED STATES, ET AL., CIVIL NO. 12-00152 RLP; ORDER REASSIGNING CASE AND FINDINGS AND RECOMMENDATION TO DISMISS ACTION AND DENY APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**